**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11854

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JALEN DEVANTAE MCINTYRE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cr-00200-RAH-JTA-1

————————————

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Jalen McIntyre appeals his conviction for possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime, challenging the district

court's denial of his motion to suppress evidence seized during a prolonged stop and warrantless search of his vehicle. McIntyre contends that law enforcement's testimony about smelling marijuana in his vehicle did not establish reasonable suspicion to prolong the stop or probable cause to warrantlessly search his vehicle. After review,[1] we affirm.

## I.   PROLONGED STOP

The Fourth Amendment protects individuals against, inter alia, "unreasonable searches and seizures." U.S. Const. amend. IV. Investigatory traffic stops are seizures under the Fourth Amendment. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Even when a stop is lawful, officers "do not have unfettered authority to detain a person indefinitely." *United States v. Campbell*, 26 F.4th 860, 881 (11th Cir. 2022) (*en banc*). "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (citations omitted). "As a general matter, a traffic stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield

---

[1] "We review the denial of a motion to suppress as a mixed question of law and fact." *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016) (quotation marks omitted). Legal conclusions are reviewed de novo and factual findings are reviewed for clear error in the light most favorable to the party that prevailed in the district court. *Id.*

against unreasonable seizures." *United States v. Vargas*, 848 F.3d 971, 973 (11th Cir. 2017) (quotation marks omitted).

McIntyre does not argue the stop itself was unlawful; rather, he argues that Officer Rachel Harmon's and Deputy Jeff Brown's testimony regarding when and where they smelled marijuana was "incredible as a matter of law" and cannot support a finding they had reasonable suspicion to prolong the stop.

Harmon's and Brown's testimony is not "incredible as a matter of law." Harmon testified that she first smelled marijuana in McIntyre's vehicle when she arrived on scene because McIntyre was "hanging out of the driver's side window" of his truck, opened the driver's side door of his vehicle, exited the vehicle, closed the driver's side window, and shut the driver's side door, causing a "whoosh of the odor of marijuana [to] come outside the vehicle from inside." It is not "contrary to the laws of nature" or "so . . . improbable" that McIntyre shutting the door to his vehicle would cause the smell of marijuana to be pushed outward where Harmon could smell it, so it was not unreasonable for the district court to accept that testimony as credible. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (stating credibility determinations are the province of the fact finder, and we defer to those determinations unless the evidence is "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable fact-finder could accept it" (quotation marks omitted)). Moreover, Harmon told McIntyre in her body camera footage that when she "pulled up and was messing with [him], the odor of marijuana was

coming out of [his] vehicle," and when McIntyre disputed whether she smelled marijuana at that point, she stated that she could "still smell it." Therefore, her testimony that she smelled marijuana in McIntyre's vehicle also is not "so inconsistent" with her body camera footage that it was unreasonable for the district court to accept it as credible. *See id.*

Brown's testimony was also not "incredible as a matter of law." McIntyre failed to put forth evidence that it is not humanly possible to smell the amount of marijuana seized from McIntyre's vehicle if its doors and windows were closed, as he argues on appeal. Further, it is not "contrary to the laws of nature" or "so . . . improbable" that the smell of marijuana lingered after McIntrye exited his vehicle such that Brown smelled it when he was standing next to McIntrye's vehicle. *See id.* Therefore, the district court reasonably accepted as credible Brown's testimony that he was positive he smelled the odor of raw marijuana coming from McIntyre's person or his vehicle.

The district court did not err in concluding that Harmon had reasonable suspicion to prolong the stop based on Harmon's and Brown's testimony they smelled marijuana because "the smell of marijuana alone may provide a basis for reasonable suspicion for further investigation." *See United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010).[2]

---

[2] McIntyre abandoned his argument that exigent circumstances did not provide reasonable suspicion to prolong the stop because he raised it for the first time in his reply brief, so we do not consider it. *United States v. Levy*, 379 F.3d

## II.  VEHICLE SEARCH

The Fourth Amendment's prohibition on unreasonable searches and seizures generally requires police to obtain a warrant before conducting a search and makes warrantless searches presumptively unreasonable.  U.S. Const. amend. IV; *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006); *United States v. Watts*, 329 F.3d 1282, 1284 (11th Cir. 2003).  However, the police do not need a warrant before searching an automobile if the "automobile exception" applies.  *Watts*, 329 F.3d at 1284.  We have rejected a rule requiring a showing of exigent circumstances beyond the exigency inherent in an automobile.  *Id.* at 1286.  Instead, there are only two elements that must be met for the exception to apply: (1) the automobile must be readily mobile; and (2) the searching officer must have probable cause to search the automobile.  *Id.*

"[P]robable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle."  *United States v. Morley*, 99 F.4th 1328, 1337 (11th Cir. 2024) (quotation marks omitted).  "The smell of marijuana alone . . . provide[s] probable cause" for a

---

1241, 1244 (11th Cir. 2004) (stating any issues raised for the first time in an appellant's reply brief are deemed abandoned and are not considered).  Regardless, only reasonable suspicion, not exigent circumstances, is required to lawfully prolong a stop, and the smell of marijuana establishes that reasonable suspicion. *See United States v. Perkins*, 348 F.3d 965, 970 (11th Cir. 2003) (providing a traffic stop may be prolonged "where an officer is able to articulate a reasonable suspicion of other illegal activity beyond the traffic offense").

search. *United States v. Harden*, 104 F.4th 830, 839 n.5 (11th Cir. 2024).

McIntyre concedes his vehicle was readily mobile within the meaning of the automobile exception's first element. He argues only that Harmon lacked probable cause to search his vehicle under the automobile exception's second element. As explained above, the district court concluded Harmon credibly testified that she smelled marijuana inside McIntyre's vehicle. Therefore, Harmon's smelling marijuana alone provided her with probable cause to search McIntyre's vehicle under the automobile exception. *See Harden*, 104 F.4th at 839 n.5. Moreover, this Court's prior-panel-precedent rule applies to McIntyre's request that it reconsider its marijuana-related probable cause precedent and bars it from doing so because McIntyre has failed to point to an opinion from the Supreme Court or this Court sitting *en banc* overruling or abrogating that precedent. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*").

The district court did not err by denying McIntyre's motion to suppress; therefore, we affirm.

**AFFIRMED.**